

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NOS. 02-07-327-CR
### 02-07-328-CR

VERNON RAY SPAW A/K/A VERNON SPAW          APPELLANT

V.

THE STATE OF TEXAS          STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Vernon Ray Spaw entered open pleas of guilty to burglary of a habitation and felon in possession of a firearm, and he pleaded true to the deadly weapon finding and to the repeat offender notice. The trial court accepted his pleas and subsequently assessed punishment at forty years'

---

[1] *See* Tex. R. App. P. 47.4.

confinement for the burglary offense[2] and ten years' confinement for the felon in possession of a firearm offense.[3] In three points, Spaw now appeals these convictions. We affirm.

Spaw's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[4] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. We gave Spaw the opportunity to file a pro se brief, and he has filed one.[5]

---

[2] *See* Tex. Penal Code Ann. § 30.02 (Vernon 2003) (burglary of a habitation offense); *see id*. §§ 12.32, 12.42(b) (Vernon Supp. 2008) (punishment range for enhanced second-degree felony is five to ninety-nine years' confinement).

[3] *See id.* § 46.04 (Vernon Supp. 2008) (felon in possession of firearm offense); *id.* § 12.34 (punishment range for third-degree felony is two to ten years' confinement).

[4] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[5] Spaw complains that the trial court abused its discretion by allowing him to enter an open plea of guilty without a competency hearing, that the State acted with prosecutorial vindictiveness in seeking a higher sentence than that offered during plea negotiations, and that he received ineffective assistance of counsel in the trial court. Notwithstanding the standard of review that we must apply to this case, the record supports none of these complaints.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because Spaw entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Spaw's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed the record, including the sealed presentence investigation report, counsel's brief, Spaw's pro se brief, and the State's brief. We agree with counsel that this appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *accord Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

3

PER CURIAM

PANEL: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 31, 2008

4